UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREG GLOVER,<br><br>                Plaintiff,<br><br>   v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>                Defendant. | No.<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, Greg Glover ("Glover"), by his undersigned attorneys, for his Complaint against Defendant, Amazon.com Services, LLC ("Amazon"), alleges as follows:

**I.    PARTIES**

1.1.    Glover is a former employee of Amazon who resides in Texas. During all relevant times, Amazon was Glover's "employer" as that term is defined in 29 U.S.C. § 2611, subd. 4. Glover was an "employee" as that term is defined in 29 U.S.C. § 2611, subd. 3.

1.2.    Amazon is and was, at all times material hereto, a corporation that conducts business nationwide and is a Delaware corporation with its principal place of business in Seattle, Washington.

COMPLAINT AND JURY DEMAND - 1

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

## II. JURISDICTION AND VENUE

2.1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the case arises under the Family Medical Leave Act, specifically 29 U.S.C. § 2615.

2.2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Amazon resides in the State in which the district is located.

## III. FACTS

3.1. Glover worked for Amazon for over ten years, until he was terminated on April 22, 2020. For his last five years with Amazon, he was employed as a General Manager and was responsible for the management and operation of a facility in Dallas, Texas.

3.2. Glover was regarded as an exemplary employee with Amazon until he exercised his right to take leave from work. For example, only high performing general managers and directors, like Glover, were invited to serve as faculty members. In March 2020, he was the only general manager asked to lead a non-sort project. At the time, the only other project leaders were regional directors.

**Amazon's Conduct Immediately Following Glover's Return From Leave**

3.3. Amazon granted Glover an unpaid personal leave of absence (LOA) from May 14, 2019 through August 1, 2019. Such leave was not designated as FMLA leave.

3.4. Before Glover's LOA, his building was performing well in all metrics, including leader-satisfaction and culture, and his building was fully staffed. After his return in August, Amazon had lost 11 out of 23 area managers and 4 out of 8 operations managers from the Dallas facility. Moreover, while he was on leave, performance in all areas drastically declined. Once he returned in August 2019, metrics began improving.

COMPLAINT AND JURY DEMAND - 2

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

3.5. Despite granting Glover the LOA, Amazon punished Glover for taking it. Then, when Glover sought FMLA leave a few months later to care for his new baby, his supervisors became increasingly hostile.

3.6. During a phone call on or about November 15, 2019, Plaintiff's Manager, Michael Perry, expressed surprise and frustration that Glover planned to take parental leave. Glover reported this conversation to Human Resources personnel, Deb Weaver, about his concerns about Mr. Perry's frustration regarding his need to take parental leave.

3.7. On or about December 9, 2019, Glover attended a "performance meeting" with Mr. Perry and Ms. Deusenberry. Glover was never provided a rationale for the meeting and was the only general manager that had such meetings. At this meeting, Glover informed Mr. Perry and Ms. Deusenberry about his plan to take parental leave for the anticipated birth of his son. Glover's son was unexpectedly born the next day by C-section. Many weeks prior to this meeting, Glover had filled out the appropriate FMLA paperwork with Amazon's leave team for his parental leave.

3.8. Glover's initial parental leave was only for two weeks, then he returned to work for the end of the year preparations.

**Amazon's Conduct Preceding Glover's Termination**

3.9. On or about December 31, 2019, Mr. Perry and Ms. Deusenberry reprimanded Glover for "failing to inform them of his vacation plans." When Glover informed them that he had recorded their phone conversation on December 9, 2019, they recanted.

3.10. On or about February 24, 2020, Glover began the second part of his parental FMLA leave for an additional four weeks, which aligned with Amazon's six weeks of paid

COMPLAINT AND JURY DEMAND - 3

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

parental leave. At the time, Amazon informed him that he had ten weeks of FMLA leave remaining.

3.11. During March 2020, it became apparent to Glover that the serious health condition of his wife and newborn son would make it necessary to extend his FMLA leave.

3.12. On or about April 2, 2020, Glover called Amazon's LOA team to request further FMLA leave. Glover then uploaded a letter from his wife's and infant son's doctor indicating their need for household quarantine because of their health conditions. The LOA team indicated that they would notify Glover's manager and human resources representative.

3.13. Glover received a confirmation email on April 3, 2020 confirming his FMLA eligibility.

3.14. On April 15, 2020, the LOA team confirmed that Glover's leave had been extended to April 30, 2020, despite the LOA online portal indicating that his leave was "pending." Then, Glover changed his automatic out-of-office reply message to reflect that he would not return to work until May 1, 2020.

3.15. On April 22, Glover received a letter from Amazon dated April 20 via standard USPS. The letter contained a printout of an email from Ms. Deusenberry on April 17 at 7:00 p.m., to his personal email address, that explained that if Glover failed to return by April 20, his leave would be considered unauthorized.

3.16. Upon receipt of the letter, Glover called the LOA team and was again reassured that he had uploaded the necessary documentation and had been approved for FMLA leave through April 30, 2020.

3.17. On April 24, 2020, Glover had still not heard from his case manager, so he logged into the LOA portal and saw that the status of his leave changed from "pending" to

COMPLAINT AND JURY DEMAND - 4

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

"approved" for April 2-17, 2020; however, his leave through April 30, 2020 was denied. The LOA portal indicated that his leave through April 30 was denied the same day it was opened in their system, on April 22.

3.18. Amazon terminated Glover an hour later.

### IV. COUNT I: INTERFERENCE AND RETALIATION WITH FMLA RIGHTS UNDER 29 U.S.C. § 2615 AND 29 CFR § 825.220

4.1. Glover re-alleges each paragraph of this Complaint as if fully set forth herein.

4.2. 29 U.S.C. § 2612 entitles employees to take up to twelve "workweeks" of leave for various reasons, like the birth of a child and/or to care for certain family members with serious health conditions.

4.3. 29 U.S.C. § 2615 and 29 CFR § 825.220 render it unlawful for an employer to interfere with an employee's rights under the FMLA and/or for an employer to retaliate against an employee for exercising their rights under the FMLA. Additionally, 29 CFR § 825.220 renders it unlawful for an employer to retaliate against an employee for opposing or complaining about an unlawful practice under the FMLA.

4.4. Glover was a covered employee under the FMLA during all relevant times alleged in this Complaint. For example, Glover was entitled to FMLA leave for: (1) the birth of his son in December 2019; (2) parental leave beginning on February 24, 2020; and (3) for leave beginning on April 1, 2020 through April 30, 2020 regarding the serious health conditions of his infant son and wife.

**A. Amazon's Discrimination and Retaliation for Glover's Exercise of his Rights**

4.5. Amazon retaliated against Glover for exercising his rights under the FMLA in February 2020 and April 2020 by attempting to prohibit him from taking additional FMLA leave on April 22, 2020 and terminating his employment on April 24, 2020.

COMPLAINT AND JURY DEMAND - 5

**B. Amazon's Interference with Glover's Exercise of his Rights under the FMLA**

4.6. Despite previously confirming that Glover was entitled to FMLA leave through April 30, 2020, Amazon interfered with Glover's FMLA benefits on April 22, 2020 by prohibiting him from taking leave through April 30, 2020 and terminating his employment.

**C. Amazon's Retaliation Against Glover for Reporting a Violation of the FMLA**

4.7. Glover complained to Amazon about the above-mentioned unlawful practices and that his supervisor was discriminating against him for taking FMLA leave.

4.8. Amazon discriminated against Glover's complaints of retaliation by, among other things:

    a. subjecting him to heightened scrutiny unlike similarly situated general managers;

    b. requiring him to hold weekly performance meetings and perform action plans unlike similarly situated general managers;

    c. attempting to dissuade him from taking additional leave;

    d. prohibiting him for taking leave despite being entitled to the same;

    e. and terminating his employment on April 24, 2020.

4.9. Glover gave Amazon proper notice of his intent to take FMLA leave and the reasons for it.

4.10. Amazon intentionally violated Glover's rights under the FMLA because Glover exercised his rights under the FMLA and he complained about practices that violated his rights under the FMLA.

**V.   DAMAGES**

5.1. As a direct and proximate cause of Amazon's unlawful actions, Glover has been damaged in an amount to be proven at trial.

COMPLAINT AND JURY DEMAND - 6

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

5.2. Amazon's conduct has caused Glover to sustain loss of wages, past and present, future loss of earnings—of which Glover seeks equitable and compensatory damages in amounts deemed just by the Court, together with attorneys' fees recoverable under the law.

## VI.  PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment in his favor and for relief as follows:

6.1. An adjudication that the practices complained of herein be adjudged, decreed and declared to be in violation of the rights secured by Plaintiff under the FMLA;

6.2. Economic damages for back pay, front pay, and lost benefits, in an amount to be proven at trial;

6.3. Damages for actual monetary losses in an amount to be proven at trial;

6.4. Liquidated damages;

6.5. Reasonable attorneys' fees and costs;

6.6. Pre-judgment and post-judgment interest; and

6.7. Such other and further relief as the Court deems just and equitable.

DATED this 10th day of December, 2021.

SCHROETER GOLDMARK & BENDER

*s/Lindsay Halm*
LINDSAY L. HALM, WSBA #37141
Counsel for Plaintiff

SCHROETER GOLDMARK & BENDER
401 Union Street, Suite 3400
Seattle, WA  98101
Phone: (206) 622-8000
Fax: (206) 682-2305
E-mail:  halm@sgb-law.com

COMPLAINT AND JURY DEMAND - 7

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COLLINS, BUCKLEY, SAUNTRY & HAUGH, P.L.L.P.

*s/Bryce Miller*
BRYCE M. MILLER (*pro hac vice pending*)
Minn. Attorney ID. No. #386902
W-1100 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota 55101
Phone: (651) 227-0611
bmiller@cbsh.net

COMPLAINT AND JURY DEMAND - 8