UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREG GLOVER, | CASE NO. 2:21-cv-01666-JHC |
| Plaintiff, | ORDER |
| v. | |
| AMAZON.COM SERVICES, LLC, | |
| Defendant. | |

This matter comes before the Court on the parties' Stipulated Motion for Protective Order. Dkt. #15. The Court has considered the motion and, for the reasons discussed below, DENIES it without prejudice.

"There is a strong presumption of public access to the court's files." LCR 5(g). The Court may issue a protective order "for good cause" under Federal Rule of Civil Procedure 26(c). The Court may enter a proposed stipulated protective order if it:

> [A]dequately and specifically describes the justification for such an order, it is consistent with court rules, it does not purport to confer blanket protection on all disclosures or responses to discovery, its protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal.

ORDER - 1

LCR 26(c)(2). Under the Court's Model Stipulated Protective Order instructions, "The parties must include a list of specific documents such as 'company's customer list' or 'plaintiff's medical records;' do not list broad categories of documents such as 'sensitive business material.'" W.D. Wash. Model Stipulated Protective Order, https://www.wawd.uscourts.gov/sites/wawd/files/ModelStipulatedProtectiveOrder.pdf.

The Stipulated Protective Order defines "confidential" material as "plaintiff's medical records, trade secrets, proprietary information and confidential personnel information concerning other employees of defendants." Dkt. #15. While medical records are specific, the second and third categories of "confidential" material are overbroad and fail to identify discrete categories of documents.

When a motion for protective order encompasses trade secrets, the movant must show: "(1) the existence of 'a trade secret or other confidential research, development, or commercial information' and (2) that its disclosure would 'be harmful to the party's interest in the property.'" *Takata v. Hartford Comprehensive Emp. Ben. Serv. Co.*, 283 F.R.D. 617, 621 (E.D. Wash. 2012) (quoting Fed R. Civ. Pro. 26(c)(1)(G)) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)). The parties do not identify the trade secrets or the risk of harm upon disclosure.

As to the third category, "proprietary information and confidential personnel information concerning other employees of defendants," this definition is circular to an extent. *See Taladay v. Metro. Grp. Prop. & Cas. Ins. Co.*, No. C14-1290-JPD, 2015 WL 4494561, at *2 (W.D. Wash. July 23, 2015) ("Indeed, Chase's circular definition of 'confidential' material under the protective order purports to include any testimony 'marked confidential' and any document containing 'confidential material' pertaining to customers or policies and practices of Chase."). Thus, this definition does not comply with Local Civil Rule 26(c)(2).

ORDER - 2

1
2       The Court DENIES the Motion without prejudice.  The parties may file a revised
3   stipulated protective order.  The Clerk is directed to send uncertified copies of this Order to all
4   counsel of record and to any party appearing pro se at said party's last known address.
5       Dated this 16th day of August, 2022.
6
7                                John H. Chun
                                 United States District Judge

ORDER - 3